**WASSON, State Bank Com'r, v. GATLING.**

No. 5727.

Court of Appeal of Louisiana.
Second Circuit.

Nov. 4, 1938.

Browne & Browne, of Shreveport, for appellant.

Algie D. Brown, of Shreveport, for appellee.

DREW, Judge.

Plaintiff alleged that on or about the ———— day of ————, 19—, The Farmers & Merchants Bank at Bearden, Arkansas, was organized and continued to carry on a general banking business until December 11, 1934; that on the 6th day of December, 1934, an official examination of said Bank disclosed its insolvency and the Bank Commissioner took charge of it for liquidation purposes, as provided by law; that on December 11, 1934, under and by virtue of the banking laws of the State of Arkansas, an assessment of 100% was levied on the stock and stockholders of said Bank and by special order in writing required said stockholders to pay said assessment forthwith. Plaintiff further alleged that defendant owned at the time 100 shares of stock in the Bank at a par value of $25 per share, and that on December 11, 1934, notice in writing was given the defendant, a resident of Caddo Parish, Louisiana, and formal demand for payment of the sum of $2,500; and that defendant has failed and refused to pay said assessment and now owes thereunder $1,250, with interest at the rate of 6% per annum from December 13, 1934, until paid. It prayed for judgment against defendant in that amount.

Defendant filed the following answer:

"Comes the defendant, G. G. Gatling, and for his answer to the complaint herein, states:

"That on January 4, 1932, The Farmers & Merchants Bank, of Bearden, Arkansas, mentioned in the complaint was declared insolvent and its affairs taken over for liquidation by the Bank Commissioner of the State of Arkansas;

"That thereafter in the year 1932, the said Bank Commissioner entered into a contract with the depositors and stockholders of said Bank that said Bank would be permitted to reopen for business and continue its operation for a period of five years in order that the said Bank would have an opportunity in this way to straighten out its affairs and protect its depositors and stockholders, said contract was approved by the Chancery Court of Ouachita County, Arkansas;

"The defendant further states that notwithstanding said agreement, the said Bank Commissioner did on or about the 6th day of December, 1934, order the said Bank closed and its affairs were taken over at said time by the said Bank Commissioner and it has since been in process of liquidation;

"That if said Bank had been permitted to transact business in the regular way, as provided by said contract, it would now be solvent and there would be no liability upon the defendant or the stockholders; that the said Bank Commissioner violated the terms of the said contract as aforesaid by closing said Bank in 1934, and that the plaintiff is not entitled to collect from the defendant on said stock assessment."

Plaintiff filed rule to take judgment on the petition and answer. In said rule it showed the court that the defendant had moved from the State of Louisiana to Arkansas and prayed for the appointment of a curator ad hoc upon whom service of the rule could be made. The curator ad hoc appeared in response to the rule and filed an exception of no cause or right of action to the original petition and rule, which exception he was allowed to withdraw at a later date. It was therefore never passed upon and the rule for judgment on the petition and answer was never tried. Therefore, neither the exception nor the rule is before us for adjudication.

The case was tried on its merits, resulting in a judgment rejecting plaintiff's demands. A rehearing was granted, resulting

in a judgment for defendant non-suiting plaintiff's demands. From this judgment plaintiff prosecutes this appeal.

There is no dispute over the facts as shown by the evidence. In this court defendant does not contend that it proved the only defense set up in answer, and in passing we will state that the evidence does not sustain the defense made in the answer.

■ The defendant testified that at the time of trial, he was a resident of the State of Arkansas; that he had always maintained his residence there; that he lived in Louisiana for eight months and was living in Louisiana when the suit was filed; and that after suit was filed he notified counsel for plaintiff that he was a resident of Arkansas and requested that he transfer the case there for trial. Under this testimony, plaintiff contends that defendant is not entitled to the privileges our law grants to residents of this state and that the case should be decided entirely by the laws of Arkansas for the reason that it is a suit between residents of that state. This contention is well founded and the case should have been filed and tried in Arkansas, but since plaintiff has chosen this jurisdiction in which to file the suit and defendant has subjected himself to the jurisdiction of the courts of this state, the rules of law of Louisiana as to the sufficiency of pleadings, the introduction of evidence and the necessary proof to make out a case will have to be controlling.

■ A settled rule of law in this state is that where the law of another state is not proven in the manner provided, we assume it to be the same as that in Louisiana. The only law of Arkansas proved on the trial of this case which is pertinent to the issues is Act No. 113 of 1913, p. 462, which authorizes the assessment equal to the value of the stock owned to be made by the Bank Commissioner and that the necessity of the assessment cannot be questioned. There is further proof that the above stated act was not in effect at the time the assessment was made and has since been repealed. There is no evidence showing or tending to show when the defendant acquired his stock in the Bank. There is likewise no allegation as to when he acquired it. Under the law of Louisiana, this allegation and proof thereof is necessary, otherwise defendant would not be liable under any circumstances. Citizen's Bank of Waynesboro, Ga. v. Hibernia Bank & Trust Company, 19 La.App. 461, 140 So. 705.

There is no proof here showing that at the time defendant purchased the stock in the Bank, there was a law in Arkansas imposing the liability which is sought to be enforced here and there is no proof of any Arkansas law which makes a statute subsequently passed become a part of the contract between defendant and the Bank when he purchased the stock.

■■ Plaintiff contends that because defendant did not deny any of the allegations of its petition, under our pleading and practice act, he admitted them. Be that true, he did not admit anything more than was alleged. And since the petition does not allege that defendant purchased his stock subsequently to the passage of Act No. 113 of 1913 by the Arkansas Legislature, there was no need to deny it. On trial of the case the pleadings were not enlarged by any evidence on this point. We can take every allegation of fact of the petition as true, plus the testimony offered on trial which would enlarge it, and under the law plaintiff has failed to prove its case. When the Bank was first closed in 1932, an assessment of 100% was made. Defendant paid half of the assessment made against him. The Bank was reopened under a contract between the Bank Commissioner and the officers and stockholders of the Bank and continued to do business until it was closed in December, 1934, at which time this last 100% assessment was made. The fact that defendant paid half of the first assessment can not now estop him from refusing to pay the assessment of December 11, 1934, which is sued on here. The fact that he paid half of a claim which plaintiff has failed to show he owes, and from the record as made up he does not owe, is no reason in law or good judgment why he should be forced to pay the other half. Furthermore, there is no direct connection between the first and second assessments. They are two separate and distinct assessments made by the banking officials more than two years apart.

Defendant has not asked for any change in the judgment; therefore the judgment of non-suit rendered by the lower court is affirmed, with costs.